UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HAROLD GLEN FULLER,           )<br>                              )<br>        Plaintiff,            )<br>v.                            )         Case No. 17-cv-2580-CM-TJJ<br>                              )<br>OLATHE POLICE DEPARTMENT,     )<br>INS CORPORATION, SCOTT HARVEY )<br>REAL ESTATE COMPANY, DORSCH   )<br>LAW FIRM AND REAL/ESTATE      )<br>COMPANY,                      )<br>                              )<br>        Defendants.           )  | |

### ORDER GRANTING *IN FORMA PAUPERIS* STATUS
### BUT WITHHOLDING SERVICE OF SUMMONS AND COMPLAINT

Plaintiff Harold Glen Fuller, proceeding *pro se*,[1] has filed an "Affidavit of Financial Status" (ECF No. 4), which the Court construes as his request to proceed with this civil action without prepayment of fees pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1). The *in forma pauperis* statute provides that the Court may authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit…[if] the person is unable to pay such fees or give security therefor." To succeed on a motion to proceed *in forma pauperis*, the movant must show he or she is financially unable to pay the required filing fee.[2] The decision to grant or deny *in forma pauperis* status under section 1915 lies within the sound discretion of the trial court.[3]

---

[1] In the purported complaint and all other papers filed by Plaintiff Fuller, he names the Federal Democratic Republic of Ethiopia and several other entities as plaintiffs. Because Mr. Fuller is not an attorney admitted to practice before this Court, he may not appear or file a complaint on behalf of any other person or entity.

[2] *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any

Based on the information provided in his financial affidavit, Plaintiff has shown a financial inability to pay the required filing fees. Plaintiff reports no monetary income from his current employer, Federal Democratic Republic of Ethiopia. He reports only a modest monthly Social Security benefit and no other income or assets. While his reported monthly expenses of $270 do not exceed his reported Social Security income, Plaintiff reports zero cash available on hand.  Based upon the information provided in Plaintiff's Affidavit of Financial Status, the Court finds Plaintiff is not financially able to pay the filing fee to institute a civil action. The Court will therefore grant Plaintiff's request to proceed without prepayment of fees.

Although Plaintiff is granted leave to proceed without prepayment of the filing fee, service of process may be withheld pending review under 28 U.S.C. § 1915(e)(2)(B).[4] While such review may occur at any time and the Court is not obligated to conduct the review before service of process,[5] dismissals "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering."[6]  In this case, a pre-service review appears appropriate given that Plaintiff's complaint appears frivolous and fails to state a claim upon which relief may be granted. A separate Report and Recommendation will be entered recommending that Plaintiff's complaint be dismissed.

---

civil action, suit, or proceeding in such court . . . to pay a filing fee . . . .").

[3] *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217–18 (1993) (Section 1915 gives a district court discretion with respect to granting *in forma pauperis* status).

[4] *See Fuller v. Myers*, 123 F. App'x 365, 368 (10th Cir. 2005) (noting that the district courts may dismiss an action without service of process through the screening process of § 1915(e)).

[5] *See Buchheit v. Green*, No. 12-4038-CM-KGS, 2012 WL 1673917, at *1 (D. Kan. May 14, 2012).

[6] *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

**IT IS THEREFORE ORDERED THAT** Plaintiff Fuller's request to proceed without prepayment of fees (ECF No. 4) is GRANTED, but the U.S. Marshals Service is directed to withhold service of summons and the complaint pending further order of the Court.

A copy of this Order shall be mailed to Plaintiff.

IT IS SO ORDERED.

Dated October 20, 2017, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge