UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| HAROLD GLEN FULLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 17-cv-2580-CM-TJJ |
| | ) | |
| OLATHE POLICE DEPARTMENT, | ) | |
| INS CORPORATION, SCOTT HARVEY | ) | |
| REAL ESTATE COMPANY, DORSCH | ) | |
| LAW FIRM AND REAL/ESTATE | ) | |
| COMPANY, THE UNITED STATES, INC. | ) | |
| and all its municipal franchises, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Harold Glen Fuller, proceeding *pro se*, has filed a civil action listing the Federal Democratic Republic of Ethiopia, the Federation Harare Governor Office, and James Clinton Belcher as plaintiffs.  He purports to file his complaint in the "International Tribunal of Climate Justice as compliance mechanism of the Imperial Crown of Ethiopia, Government of the Holy Roman Empire the Vatican Chancery Court."  He names as defendants the Olathe Police Department, INS Corporation, Scott Harvey Real Estate Company, Dorsch Law Firm and Real/Estate Company, and "The United States, Inc. and all its municipal franchises dba CHINA (INC.) . . . ," among others.  Mr. Fuller signs all the filings as "Senior Director General/Housing Secretary Federal Republic of Ethiopia, Abroad."

In conjunction with the filing of his civil complaint, Plaintiff filed an "Affidavit of Financial Status," which the Court construed as his request for leave to proceed without prepayment of the filing fee under the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1). The Court granted that motion, but withheld service of the summons and complaint pending review

of whether Plaintiff's complaint states a claim upon which relief may be granted, or is frivolous or malicious.

The *in forma pauperis* statute requires that the court dismiss the case at any time if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit.[1] The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[2]

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint is analyzed by the court under the same sufficiency standard as a Rule 12(b)(6) motion to dismiss.[3] Dismissal of a pro se complaint for failure to state a claim is proper only "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[4] In determining whether dismissal is proper, the court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."[5]

In making this analysis, the court must liberally construe the pleadings and hold them to a

---

[1] 28 U.S.C. § 1915 (e)(2)(B).

[2] *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006).

[3] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[4] *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

[5] *Id.*

2

less stringent standard than formal pleadings drafted by attorneys.[6] Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[7] This does not mean, however, that the court must become an advocate for the pro se plaintiff.[8] *Sua sponte* dismissal under § 1915(e)(2) is also proper when the complaint clearly appears frivolous or malicious on its face.[9]

In the complaint and all other papers filed by Mr. Fuller, he names the Federal Democratic Republic of Ethiopia, the Federation Harare Governor Office, and James Clinton Belcher as plaintiffs.[10] Mr. Fuller thus appears to be filing the complaint on behalf of Federal Democratic Republic of Ethiopia, the Federation Harare Governor Office, and James Clinton Belcher. Because Mr. Fuller is not an attorney admitted to practice before this Court, he may not appear or file a complaint on behalf of any other person or entity in this Court. The complaint is thus operative only to those claims asserted by Mr. Fuller, and the Court accordingly limits its review to allegations involving claims that could be asserted by Mr. Fuller.

Mr. Fuller has filed a purported complaint comprised of 68 pages of rambling, incoherent, random, and incomprehensible statements on a variety of topics ranging from an

---

[6] *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *Lyons v. Kyner*, 367 F. App'x. 878, 881 (10th Cir. 2010).

[9] *Hall*, 935 F.2d at 1108.

[10] Mr. Fuller does not list his own name in the caption(s) of any of the pages of the purported complaint.

3

economic relations agreement treaty of amity between the United States and Ethiopia, the

jurisdiction of the Vatican City State, unincorporated government organizations and

bankruptcies, as well as a purported criminal complaint charging municipal corporations with

fraud. He opines on "Basic Concepts" such as the "jurisdiction of the air is global in nature."[11]

With respect to defendant The UNITED STATES, INC., he alleges:

> The UNITED STATES INC. and all its municipal franchisees dba CHINA
> (INC.), JAPAN (INC.), INDIA (INC.), STATE OF OREGON (INC.), JOHN
> MICHAEL SMITH (INC.), CITY OF OMAHA (INC.), UNITED KINGDOM
> (INC.), FLORIDA (INC.), CANADA (INC.), AUTRALIA (INC.) . . . ad
> infinitum, is in Chapter 7 Liquidation since 2015.[12]

Based upon its review of the complaint, the Court finds the only page with any

allegations even vaguely referring to Defendants Olathe Police Department, INS Corporation,

Scott Harvey Real Estate and/or Dorsch Law Firm are contained on page 16, which states:

> INS CORPORATION gave false discovery responses NEVER RENEW[ED]
> TH[EIR] CONTRACT WITH GSA, after February 2015 expir[ation] and still
> flipping Federal Properties; (2) Dorsch law firm failed to Record with Secretary
> of Housing and Urban Development, (3) Dorsch Law Firm engaged in deposition
> misconduct.
>
> Although Dorsch Law Firm, Scott Harvey Real Estate, ISN CORPORATION,
> Olathe, Police conspired to steal United States of America Properties
> continu[ally] has indicated that he prevented some documents from being
> destroyed, of officer refuses to complete a proper report form, did not implement
> a company-wide litigation hold on relevant documents. There is no indication that
> ISN CORPORATION INC, never renew[ed] th[eir] contract with GSA:.
> CAPTAIN BRAGG told Mr. Fuller during his deposition that if you enter the
> properties the you shall go to jail, they ha[ve] knowledge th[is] private
> corporation is embezzling Federal Properties . . . .[13]

---

[11] Compl. at 12, ECF No. 1.

[12] Compl. at 14.

[13] Compl. at 16 (Plaintiff names "INS" Corporation in the caption, but on page 16 uses both
"INS" Corporation and "ISN" Corporation.).

This quoted language is nonsensical and incomprehensible. Construing the allegations in Plaintiff's complaint liberally and in the light most favorable to Plaintiff, the Court finds that Plaintiff Fuller has failed to state a claim upon which relief may be granted, his complaint is frivolous, and it would further be futile to give Plaintiff an opportunity to amend his complaint.

Accordingly, the undersigned U.S. Magistrate Judge recommends that Plaintiff Fuller's complaint and this case be **DISMISSED** as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i)-(ii).

## NOTICE OF RIGHT TO FILE OBJECTIONS

Plaintiff Fuller is hereby informed that, within 14 days after being served with a copy of this Report and Recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72, file written objections to the Report and Recommendation. Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the recommended disposition. If Plaintiff does not timely file his objections, no court will allow appellate review.

A copy of this Report and Recommendation shall be mailed to Plaintiff by certified mail.

IT IS SO ORDERED.

Dated October 20, 2017, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge